## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**NEWTON JONES (01),**<br>**WILLIAM CREEDEN (02),**<br>**KATERYNA JONES (03),**<br>**WARREN FAIRLEY (04),**<br>**LAWRENCE McMANAMON (05),**<br>**KATHY STAPP (06),**<br>**CULLEN JONES (07),**<br><br>    **Defendants.** | **Case No. 24-20070-DDC** |

### DEFENDANTS' MOTION FOR ISSUANCE OF
### RULE 17(c) SUBPOENA DUCES TECUM TO IBB

Defendants Newton Jones, William Creeden, Kateryna Jones, Warren Fairley, Lawrence McManamon, and Cullen Jones ("Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Criminal Procedure 17(c), hereby respectfully move this Court to authorize the issuance of the attached subpoena duces tecum ("Subpoena") to the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers ("IBB"). The Subpoena seeks documents and information that are material and necessary to the preparation of the Defendants' case, as they pertain to critical elements of the defense. The proposed Subpoena is attached as Exhibit 1 to this Motion (date and time of return left blank to be filled in by the Court).

A.   **Background**

This case involves a sweeping 57-count Indictment, spanning more than a decade, alleging a broad racketeering conspiracy arising from Defendants' employment and activity at the IBB. Specifically, the Indictment alleges that Defendants engaged in a conspiracy to convert IBB funds for their own benefit by engaging in unnecessary and unauthorized expenditures for international travel and for paying people the Government alleges performed little to no work for the IBB, among other things.

Despite the crux of the Indictment involving Defendants' work, travel, and communications for and at the IBB specifically, the Government failed to obtain blatantly relevant and potentially exculpatory documents and information from IBB prior to bringing these sweeping charges. Upon learning that the Government had not taken any steps to facilitate production of these materials, Defendants' counsel proactively conferred with IBB counsel to determine if IBB would voluntarily produce any such materials. After conferring, IBB counsel advised that a subpoena pursuant to Rule 17(c) would be necessary for IBB to produce the requested materials and that IBB would oppose certain materials Defendants were requesting. This motion addresses the requests IBB intends to oppose, and Defendants are concurrently filing a separate motion relating to the uncontested requests.

B.   **Specific Documents and Information Requested in Proposed Subpoena**

As reflected in Exhibit A, this Subpoena seeks twelve specific categories of documents:

(1)   Emails from January 1, 2009 through August 31, 2023 from the accounts of Defendant Kathy Stapp; IBB International Vice Presidents ("IVPs") Timothy Simmons, Tom Baca, John Fultz, and Arnie Stadnick; and IBB employees Tracy Buck, Amy Wiser Martin, and Mike Linderer.

(2) Emails from January 1, 2009 through August 31, 2023 to or from field Bank of Labor President Robert (Bob) McCall, CFO Aaron Bowman, or board member William (Bill) Miller.

(3) Emails from January 1, 2009 through August 31, 2023 to or from Brian Daly.

(4) Emails from January 1, 2009 through August 31, 2023 between IBB's lawyers Blake & Uhlig PA and International Executive Council ("IEC") members,[1] Tyler Brown, or Kathy Stapp, concerning the following topics: policies, expenses, compensation, benefits, pensions, compliance, operations, travel, audits, government investigations, Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), and the Bank of Labor.

(5) Emails from January 1, 2009 through August 31, 2023 between former IBB attorney David Elbaor and IEC members, Tyler Brown, or Kathy Stapp concerning the following topics: policies, expenses, compensation, pensions, benefits, compliance, operations, travel, audits, government investigations, the LMRDA, and the Bank of Labor.

(6) Speeches, PowerPoint slides, and other presentation-format materials from January 1, 2009 through August 31, 2023 created, edited, or saved by Mike Linderer or Amy Wiser Martin related to presentations given by IEC members.

(7) Assignment letters from January 2009 to February 2023, whether stored electronically or in paper copy, for Defendants, Timothy Simmons, Tom Baca, John Fultz, and Arnie Stadnick.[2]

(8) Loan spreadsheets related to loans from IBB to the Bank of Labor maintained by the office of the International Secretary Treasurer.

(9) Documents and communications reflecting IBB's purchase of troubled assets from the Bank of Labor.

(10) Dropbox indexes for non-Defendant IBB executive council members and Kathy Stapp from January 2009 to February 2023.

(11) Offers of employment (internally referred to as "pink sheets") maintained at the President's office for January 1, 2009 through August 31, 2023.

---

[1] The IBB's IEC is comprised of the International President, International Secretary Treasurer, and five International Vice Presidents.

[2] IBB has agreed to produce the assignment letters it holds in electronic form but not those additional letters kept in paper copy. This Motion seeks the letters kept in paper. Defendants' Unopposed Motion seeks the letters kept electronically.

(12) Documents and communications requesting, approving, and reflecting vacation payouts from IBB from August 1, 2003 through December 31, 2023.

### C. The Documents and Information Sought in the Subpoena are Relevant, Admissible, and Specifically Seek Documents Necessary for the Defense.

A party seeking a subpoena duces tecum under Rule 17(c) must establish:

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (footnote omitted). "There are three obstacles to issuance of a Rule 17(c) subpoena: relevancy, admissibility, and specificity." *United States v. Wittig*, 250 F.R.D. 548, 552 (D. Kan. 2008). The last requirement—limiting Rule 17(c) subpoenas to "specific" requests—is a requirement this Court views as "the most difficult hurdle to overcome." *Id.* at 552 (citing *United States v. Anderson*, 31 F. Supp. 2d 933, 944 (D. Kan. 1998)).

The proposed Subpoena satisfies all *Nixon* requirements and should be issued, as it seeks specific relevant documents and information that is necessary for Defendants' defense.

*First*, the documents are relevant and evidentiary. They will provide critical insight into the facts and circumstances of the dozens of allegations made against Defendants regarding their work and travel for IBB, among other issues.

As with the other Defendants, Kathy Stapp's emails should also be provided, and not inexplicably withheld. The Government's charges center around the propriety of certain union expenditures. Defendant Stapp was long a key person within the International Secretary

4

Treasurer's ("IST's") office, with significant oversight and discretion. She was a main point of contact there for union leadership concerning expenditures. Indeed, she succeeded Defendant Bill Creeden when he resigned as IST. Along with IVP Tim Simmons, Defendant Stapp was the other recipient of the September 2022 memo from Blake and Uhlig that has been the subject of previous briefing. It was titled *Union Payments to Officers and Employees*, and noted on its first page that it was <u>not</u> sent to the International President ("IP").

In addition to Defendants' own emails, Defendants seek discovery from unindicted members of the International Executive Council – IVPs Simmons, Baca, Fultz, and Stadnick – several of whom are expected to testify at trial. They engaged in the same activities as alleged Enterprise members, they supported the same policies, and they received similar salaries and benefits. Importantly, they were joint decision makers regarding the policies and practices for which the Government now charges the Defendants alone with crimes.[3]

Records are sought from three additional key IBB custodians. Tracy Buck was cooperating Defendant Tyler Brown's assistant and was often in communication with IBB leaders. Amy Wiser Martin and Mike Linderer from IBB's communications team traveled on behalf of the IBB to conferences and conventions that are criticized by the Indictment as valueless, and they frequently assisted IBB's leadership with internal and external facing speeches and presentations summarizing the IBB's goals, challenges, and achievements. These job duties and work product align with evaluating the Defendants' work, the rationale

---

[3] "The Executive Council has governing authority over the entire Brotherhood and is charged with upholding the laws and policies of the Brotherhood as expressed in the Constitution." *See* https://boilermakers.org/about/leadership/executive-council.

for actions taken during the period, and the legitimacy of IBB's travel practices, among many other issues.

The Bank of Labor is referenced 48 times in the Government's Indictment. Reasonable discovery from IBB regarding its dealings with the Bank of Labor is necessary to mount a defense regarding the legitimacy of Defendants' actions.

Lastly, Count 49 charges that IBB's hiring of Brian Daly was an illegal conspiracy. Defendants should be entitled to discovery from IBB sufficient to contextualize the value he brought to the organization over his many years of involvement.

All of the requested documents have a sufficient likelihood of containing relevant evidence that would tend to prove material issues in this sweeping case. *See Nixon*, 418 U.S. at 700 (moving party need only show a sufficient likelihood that the documents subpoenaed are relevant and evidentiary, based on the evidence available); *see also United States v. Clinesmith*, No. 23-20063-DDC, 2025 WL 974262, at *3 (D. Kan. Apr. 1, 2025), *on reconsideration in part*, No. 23-20063-DDC, 2025 WL 1517307 (D. Kan. May 28, 2025) ("relevance criterion can be fulfilled if the documents sought <u>would tend to prove a material issue</u> of the prosecution or defense.").

Defendants should also be allowed to discover legal advice given to the IBB over these same years by Blake and Uhlig and David Elbaor where it was later implicated by the Indictment. Defendants' requests are tailored to generate only documents touching on the issues in the Government's Indictment and not, say, unrelated employment claims or lawsuits. A protective order will further safeguard IBB's documents to the extent they address sensitive subjects. Although certain requests target documents that IBB believes are

6

privileged, Defendants submit the documents will be admissible because IBB has waived that privilege. This issue is the subject of separate briefing regarding IBB's waiver for at least the subject matter of the Indictment through January 22, 2024, but for purposes of the present motion, Defendants need only make a "preliminary showing that ... [the requested material] contains evidence admissible with respect to the offense charged." *Wittig*, 250 F.R.D. at 553 (citation omitted). Defendants specifically incorporate by reference the arguments raised in their Joint Response to the Government's Motion for Abrogation of Attorney-Client Privilege by Waiver (Doc. 120), which outline in detail why the requested materials are not privileged and will be admissible at trial.

*Second*, the documents requested in Exhibit A are specifically outlined and targeted at documents necessary for Defendants' defense of the case, particularly the sweeping "conspiracy" alleged by the Government. For example, Count I alleges a RICO conspiracy to defraud the union, but the documents requested will show that Defendants were working diligently on behalf of IBB and had no intent or agreement to defraud anyone. They will similarly prove that no RICO enterprise existed at any time–a necessary element of the Government's case.

Regarding whether the requests are targeted, during the charged timeframe spanning over a decade, over 100 people worked for the IBB on behalf of more than 40,000 union members. But Defendants herein propound only 11 requests seeking specific evidence central to Defendants' ability to mount their defense. Regarding whether this discovery is necessary, the Defendants are all now separated from the IBB, without their former files, or access to

7

additional relevant IBB records, to bring the Government's wide-ranging, historic allegations into proper context.

In addition to the proffers above that establish how these requests are necessary, targeted, and specific, the Defense anticipates seeking leave to file its anticipated reply to the IBB's opposition motion under seal, so that additional details can be provided to the Court without revealing trial strategy to the Government.

These specific requests are made in good faith and are far from a fishing expedition: not only have Defendants narrowly tailored the Subpoena, but counsel for Defendants have spent significant time conferring with counsel for IBB and determining what documents exist, and how they were kept in the ordinary course at IBB. Defendants have limited the Subpoena to relevant custodians, topics, and timeframes for each of the specific requests, and respectfully submit the requests are made in good faith and necessary for the defense.

WHEREFORE, for the aforementioned reasons, Defendants respectfully asks that the Court issue the requested subpoena attached hereto as Exhibit 1.

Respectfully submitted,
SPENCER FANE LLP

/s/ *Patrick A. M<sup>c</sup>Inerney*
Patrick A. M<sup>c</sup>Inerney # 22561
Daniel M. Nelson KS Fed # 79203
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
Tele: 816-474-8100
Fax: 816-474-3216
pmcinerney@spencerfane.com
dnelson@spencerfane.com
Attorneys for Newton Jones

/s/ *Kurt Kerns*
Kurt P. Kerns # 15028
KERNS LAW GROUP
328 N. Main Street Wichita, KS 67202
Tele: 316-265-5511
kurtpkerns@aol.com

Federico Andino Reynal, *pro hac vice*
THE REYNAL LAW FIRM, PC
917 Franklin Street, Sixth Floor
Houston, TX 77002
Tele: 713-228-5900
areynal@frlaw.us
Attorneys for William Creeden

/s/ *Mark Molner*
Mark D. Molner # 24493
EVANS & MULLINIX, P.A.
7225 Renner Road, Suite 200
Shawnee, KS 66217
Tele: 913-962-8700
Fax: 913-962-8701
mmolner@emlawkc.com

John T. Davis, *pro hac vice*
KESSLERWILLIAMS LLC
1401 S. Brentwood Blvd., Suite 950
St. Louis, MO 63144
Tele: 314-455-5555
Fax: 314-727-2869
john.davis@kesslerwilliams.com
Attorneys for Kateryna Jones

/s/ *J.R. Hobbs*
James R. Hobbs KS Fed # 70169
Marilyn Keller # 15444
WYRSCH HOBBS & MIRAKIAN, P.C.
One Kansas City Place
1200 Main St., Suite 2110
Kansas City, Missouri 64105
Tele: 816-221-0080
Fax: 816-221-3280
jrhobbs@whmlaw.net
mbkeller@whmlaw.net
Attorneys for Warren Fairley

/s/ *Branden Smith*
Branden Smith # 22761
SMITH LEGAL, L.L.C.
719 Massachusetts Street, Suite 126
P.O. Box 1034
Lawrence, Kansas 66044
Tele:  785-856-0780
Fax:  785-856-0782
branden@smithlegalllc.com

Kevin M. Spellacy, *pro hac vice*
James Wooley, *pro hac vice*
Erin E. Hanson, *pro hac vice*
323 W. Lakeside Ave., Suite 200
Cleveland, OH 44113
Tele: 216-344-9220
Fax: 216-664-6999
kspellacy@spellacylaw.com
jwooley@spellacylaw.com
ehanson@mghslaw.com
Attorneys for Lawrence McManamon

10


/s/ *Kathleen Fisher Enyeart*
Jackson Hobbs # 28191
Kathleen Fisher Enyeart # 25203
Brody Sabor KS Fed # 79098
LATHROP GPM
2345 Grand Blvd., Suite 2200
Kansas City, Missouri 64108
Tele: 816-292-2000
Fax: 816-292-2001
jackson.hobbs@lathropgpm.com
kathleen.fisherenyeart@lathropgpm.com
brody.sabor@lathropgpm.com
Attorneys for Cullen Jones

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed on July 9, 2025, with the Clerk of the Court for delivery to interested parties.

/s/ Patrick A. M<sup>c</sup>Inerney
Attorney for Newton Jones